COOPER & PACHELL, Appellant,

v.

HASLAGE et al., Appellees.

[Cite as *Cooper & Pachell v. Haslage* (2001), 142 Ohio App.3d 704.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20180.

Decided May 2, 2001.

*William G. Chris,* for appellant.

*David M. Lowry,* for appellees.

JOHN W. REECE, Visiting Judge.

Appellant-plaintiff Cooper & Pachell appeals the judgment of the Akron Municipal Court finding appellees-defendants Kenneth Haslage and Form–A–

Thread Supply Company not liable for an alleged open account. This court affirms.

## I

Appellant is a law firm with a focus in corporate tax, business planning, general tax planning, and estate planning. Appellant was retained by appellees in early 1996 through July, 1999, to prepare individual and corporate tax returns. As a result of the professional services rendered, appellant had an open account with appellees allegedly due and owing $6,693.

Appellant sued in the Akron Municipal Court for the amount allegedly outstanding on the open account. The trial court heard the case and ordered the parties to each submit findings of fact and conclusions of law. The trial court granted judgment in favor of appellees.

Appellant now appeals, alleging one assignment of error.

## II

### Assignment of Error

"The trial court erred in finding that appellants had not satisfied the requirements of an action on account."

Appellant contends that the trial court incorrectly entered judgment on behalf of appellees for an allegedly open account due and owing $6,693. Specifically, appellant contends that the submission of a ledger sheet from the firm and accompanying testimony satisfied its burden to demonstrate an action on account. This court disagrees.

■ A court of appeals may reverse a judgment as being against the manifest weight of the evidence only if it is convinced that justice has been denied the complaining party:

■ "[A] reviewing court can reverse a judgment upon an assignment of error involving the weight of the evidence only when the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice, and * * * such a court is not authorized to reverse on such ground unless it is justified in inserting in its journal entry that substantial justice has not been done to the complaining party." *Royer v. C.R. Coblentz Local School Dist. Bd. of Edn.* (1977), 51 Ohio App.2d 17, 20, 5 O.O.3d 138, 140, 365 N.E.2d 889, 892, quoting *Jacobs v. Benedict* (1973), 39 Ohio App.2d 141, 144, 68 O.O.2d 343, 344–345, 316 N.E.2d 898, 901.

██ "An action on an account is an action for a breach of contract. Where the defendant denies all the allegations of the complaint, the plaintiff has the burden of proving by a preponderance of the evidence all the elements of a claim for breach of contract." *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 2 OBR 32, 440 N.E.2d 600. "[A]n action on an account is founded upon contract, express or implied, and any competent evidence is necessarily admissible to prove the existence of the contract, its consideration, the furnishing of the services or goods, the consideration therefor, any payments made, and the balance due." *Summa Health Sys. v. Viningre* (2000), 140 Ohio App.3d 780, 749 N.E.2d 344, quoting *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 243–244, 61 O.O.2d 256, 259–260, 289 N.E.2d 373, 378. "An 'action on an account' is 'merely a pleading device used to consolidate several different claims one party has against another'." *Arthur v. Parenteau* (1995), 102 Ohio App.3d 302, 304, 657 N.E.2d 284, 285–286, quoting *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 34, 440 N.E.2d 600, 603.

██ At trial, appellant asserted that it had a valid account balance against appellees in the amount of $6,693 for legal and tax planning work. In support of the alleged debt, appellant offered a law firm ledger with columns of numbers, which merely lists dates, amounts charged, amounts paid, and balances. The ledger has no specific description of the service provided and to whom the service was rendered, which is important, considering that services were allegedly rendered for Kenneth Haslage in a personal capacity, Haslage's wife, and Form–A–Thread. Attorney Jim Pachell was the sole witness for appellant, and he provided general answers about general services rendered. However, Pachell could not specifically set forth the services rendered on specific dates, for whom specific services were rendered, whether the services were authorized, and which of the services were and were not paid for. Though appellant claimed an outstanding account of $6,693, both parties agreed that appellees paid $10,095 to appellant. While Pachell testified that as a general matter firm services were paid at rates of $150, $135, and $90 per hour, Pachell could not specifically testify as to the rate charged for services provided to appellees. Pachell conceded that he had no knowledge of the fees negotiated by his law firm partner Gary Cooper. Moreover, Pachell had no knowledge of the agreement reached between the firm and appellees for legal and accounting services.

For the appellees, Haslage testified that he was aware that $6,693 was supposedly due and owing, but that bills were never itemized to reflect what work was done and by whom. The bills never identified precisely who was liable (*i.e.* Haslage, his wife, or Form–A–Thread) for what services. Haslage regularly questioned the bills sent by appellant and felt they were being overbilled. Lastly, appellees presented Robert McGregor, a certified public accountant, who

testified that the bills submitted by appellant were higher than the industry norm. McGregor indicated that the reasonable fee for the monthly services provided by appellant would be between $200 and $250, as opposed to the $450 charged by appellant. McGregor also testified that support staff should be billed at $20 per hour, instead of appellant's $90 per hour rate and that a certified public accountant should bill $100 per hour for accounting services, as opposed to the $150 per hour rate charged by Pachell.

The trial court aptly summarized the amorphous nature of appellant's evidence in its order: "Plaintiff offered no exhibits or individual testimony breaking down or itemizing the charges in their account showing what service was rendered, by whom and the hourly rate used." Appellant's lack of specificity was manifest throughout the record. This court cannot conclude that the trial court clearly lost its way in rendering a judgment in appellees' favor on the action on account. Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

BATCHELDER, P.J., and WHITMORE, J., concur.

JOHN W. REECE, J., retired, of the Ninth Appellate District, sitting by assignment.