[Cite as *Lovell v. Ohio Wesleyan Univ.*, 2012-Ohio-2139.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| ALISON B. LOVELL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CAE-06-0053 |
| OHIO WESLEYAN UNIVERSITY | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County Court of Common Pleas, Case No.10CVH010146

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 11, 2012

APPEARANCES:

For Plaintiff-Appellant

CHRISTOPHER L. TROLINGER
ROBERT PETTY
BEVERLY J. FARLOW
270 Bradenton Ave., Ste. 100
Dublin, OH 43017

For Defendant-Appellee

WANDA L. CARTER
CHRISTOPHER E. HOGAN
NEWHOUSE, PROPHATER, LETCHER &
MOOTS, LLC
5025 Arlington Centre Blvd., Ste. 400
Columbus, OH 43220

*Gwin, P.J.*

{1}   Plaintiff-appellant Alison B. Lovell appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of defendant-appellee Ohio Wesleyan University.  Appellant assigns five errors to the trial court:

{2}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN FAILING TO DETERMINE WHAT SPECIFIC PROVISIONS CONSTITUTED THE ENTIRETY OF THE CONTRACT.

{3}   "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN FAILING TO FIND THAT THE ENTIRE FACULTY HANDBOOK WAS PART OF THE CONTRACTUAL RELATIONSHIP THAT EXISTED BETWEEN APPELLANT AND APPELLEE.

{4}   "III. THE TRIAL COURT ERRED IN FINDING THAT 'COLLEGIALITY' WAS PROPERLY CONSIDERED BY THE UNIVERSITY WITHIN THE CONTEXT OF THE CRITERIA SET FORTH IN THE HANDBOOK.

{5}   "IV. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEES FOLLOWED THE UNIVERSITY'S PROCEDURES FOR REVIEWING PLAINTIFF-APPELLANT'S REAPPOINTMENT OR NON-REAPPOINTMENT AND SUBSEQUENT APPEALS, AND THUS, DID NOT BREACH THEIR CONTRACTUAL OBLIGATIONS.

{6}   "V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE DEFENDANT-APPELLEE DID NOT BREACH THEIR CONTRACTUAL OBIGATIONS TO PLAINTIFF."

**{7}** This matter was tried without a jury. Appellee (hereinafter "the University") hired appellant for the position of Assistant Professor in the Department of Humanities and Classics (the "Department"). The parties entered into one-year contracts for the academic years 2007-2008, 2008-2009, and 2009-2010. Paragraph one of each contract incorporated Chapter III of the University's Faculty Handbook. Chapter III is entitled "General Policies and Procedures Governing Faculty Contracts at Ohio Wesleyan University".

**{8}** At all times relevant to the lawsuit appellant was a probationary faculty member. Chapter III of the University's Faculty Handbook provides that reappointment of a probationary faculty member will be proceeded by an evaluation by the Faculty Personnel Committee. Chapter III also provides that written notice must be given to a non-tenured faculty member if his or her contract will not be renewed.

**{9}** Appellant holds a Ph.D. in French with a certificate in Renaissance studies and had twelve years of teaching experience at the post-secondary level. She was hired with the assurance there was a maximum probationary period of seven years, during which time her teaching, scholarship, and university service would be reviewed and evaluated for a tenured position.

**{10}** Appellant states the Department had a troubled history even before her hiring. She states during her employment at the University, she was ostracized, excluded, bullied, and hazed by the senior members of the Department, and she and a colleague repeatedly sought administrative intervention. As a result, the University placed an administrative dean as acting chair of the Department.

**{11}** Appellant was evaluated several times during her employment. The University reappointed her in 2008. In January 2009, appellant received satisfactory marks in all the categories of teaching, scholarly endeavors, and service. However, she was informed that her collegiality and lack of cooperative spirit with her colleagues within the Department could place her retention at risk.

**{12}** Appellant was then evaluated in April 2009 to determine if she would be re-appointed for the academic year 2010-2011. The student board gave appellant high marks for teaching and her students evaluated her highly. In May 2009, the University informed appellant they would not retain her for the academic year 2010-2011.

**{13}** At the beginning of the 2008-2009 academic year, seven faculty members were elected to serve on the Faculty Personnel Committee pursuant to the Faculty Handbook. However, in February 2009, the only female member of the committee recused herself from consideration of appellant's reappointment, and on April 2, 2009, she resigned from the committee. Chapter II of the Handbook requires the Faculty Personnel Committee to have representatives of both genders. It also provides that in the case of a vacancy, a new member shall be elected.

**{14}** The University asserts the female committee member's resignation came at a time when there were a number of matters, including appellant's review, which had to be resolved before the end of the term. Due to time constraints, the Faculty Personnel Committee asked the University's Executive Committee how it should proceed. The Executive Committee directed the Faculty Personnel Committee to resume its duties with the remaining elected members instead of delaying appellant's review until an election could be held. The Faculty Personnel Committee then

proceeded to recommend appellant not be re-appointed for the academic year 2010-2011.

{15} Appellant pursued her appeal through the University appeals process. The University administration concurred with the Faculty Personnel Committee's recommendation. The Provost sent appellant a letter informing appellant she would not receive a contract for the academic year 2010-2011, and her contract for the academic year 2009-2010 would constitute her terminal contract with the University. The Faculty Personnel Committee conducted a review with its decision and found no grounds to reverse itself. Appellant then appealed the Faculty Personnel Committee's decision of non-reappointment to the Faculty Reappointment Appeals Committee.

{16} The Faculty Reappointment Appeals Committee upheld the Faculty Personnel Committee's decision, and appellant appealed to the President of the University. The President found that all prescribed procedures had been properly followed and that the Faculty Personnel Committee's decision should not be overturned. Appellant then brought suit in Common Pleas Court.

{17} The trial court found the University followed the proper procedures for determining whether to reappoint appellant. The court found appellant's collegiality or lack thereof was properly considered by the University within the context of the criteria set forth in the Handbook, and the University followed all the Handbook procedures as stipulated in the employment contract.

{18} The interpretation of a written contract is reviewed *de novo* as a matter of law. *Chan v. Miami University,* 73 Ohio St. 3d 52, 652 N.E. 2d 664 (1995). The trier of fact's determination of the facts are reviewed under the manifest weight of the evidence

standard, and judgment supported by some competent and credible evidence going to all the essential elements of the case may not be reversed. *C.E. Morris Company v. Foley Construction Company,* 54 Ohio St. 2d 279, 376 N.E. 2d 578 (1978). This court may not substitute our judgment for that of the trier of fact, because the trier of fact had the opportunity to observe the witnesses and weigh the credibility of the testimony. *Seasons Coal Company, Inc. v. Cleveland,* 10 Ohio St. 3d 77, 461 N.E. 2d 1273 (1984).

I & II

{19} In her first assignment of error, appellant argues the trial court erred in failing to determine what specific provisions of the Faculty Handbook were part of the contract between appellant and the University. In her second assignment of error, appellant argues the trial court erred as a matter of law and fact, in not finding the entire Faculty Handbook was a component of the employment contract.

{20} In each of the years appellant was employed, the University trustees and appellant executed a one-page contract. The contract incorporates by reference Chapter III of the Faculty Handbook, and also references the terms of pension and insurance benefits described in Chapter VI, which is incorporated by reference "insofar as the scope of this agreement includes them."

{21} Appellant attached copies of each of the one-year contracts and only Chapter III of the Handbook to her complaint.

{22} Appellant argued the entire faculty handbook should be considered as part of the contract between the parties. Appellant cites us to *Rehor v. Case Western Reserve University,* 43 Ohio St. 2d 224, 331 N.E. 2d 416 (1975) which held in paragraph one of the syllabus:

Where a university faculty member is employed, using standard annual reappointment forms which do not set forth in full the terms and conditions of employment the university's employment policies, rules and regulations become part of the employment contract between the university and faculty member.

{23} The University replies because the contracts only incorporate Chapter III of the Faculty Handbook and the section on benefits, only those sections were intended to be part of the contracts between the parties.

{24} The trial court did not make an express finding regarding which chapters of the Faculty Handbook could be construed as part of the contract. However, the court did discuss the provisions of Chapter II of the Handbook, namely, the requirements that the Faculty Personnel Committee must consist of seven members, with both genders represented, and any vacancy must be filled by election. The court found the Executive Committee unanimously found the Faculty Personnel Committee could proceed.

{25} We find while the trial court did not make express findings about incorporating certain chapters or the entire Handbook into the contract, it nevertheless did consider Chapter II in construing the contractual relationship between the parties.

{26} The first and second assignments of error are overruled.

III, IV & V

{27} In her remaining assignments of error, appellant argues the court erred when it found the University followed the proper procedures in reviewing her non-renewal, because it found the University could properly consider collegiality in reviewing her employment. The Handbook sets out three factors: teaching, scholarship, and

service. The Handbook specifies that the weight to be given to the factor of teaching is 60%, to scholarship 30%, and to service, 10%. Appellant asserts to insert collegiality as a fourth criterion is a breach of the contract between the parties.

{28} The University replies that collegiality, disposition and ability to work with others are factors that relate to all three criteria of teaching, scholarship, and service. The University asserts "collegiality" is a term which refers to a variety of behaviors including those that are contentious, derisive, divisive, non-cooperative, disruptive, or otherwise negatively impact the faculty member's performance, her colleagues, and the functioning of the Department as a whole. Dr. Musser, the chairman of the Faculty Personnel Committee, testified collegiality was not an independent category but rather, it "infuses" every one of the categories and everything that goes on. The record indicates appellant had not participated in committees and she created difficulties for her students and for the faculty working with her. Appellant objected to teacher observations and did not release weekly syllabi as required.

{29} Appellant cites us to *Gogate v. Ohio State University*, 42 Ohio App.3d 220, 537 N.E.2d 690 (10th Dist. 1987). In *Gogate*, the plaintiff challenged the denial of tenure, alleging procedural irregularities, violation of his Due Process and Equal Protection rights, and improper consideration of hearsay. The court of appeals found the plaintiff was not prejudiced by the irregularities, which included allegations of failure of notice, violations of university policy, improper members on the tenure committee, and consideration of improper and irrelevant criteria. The plaintiff also complained that several members of the committee abstained from voting, thus abdicating their responsibilities. The *Gogate* case is not directly on point, but is similar to the one at bar.

The *Gogate* court stated:

> It was emphasized in *Bassett v. Cleveland State Univ.* (1982), Court of
> Claims No. 82-02100, unreported, that a court should intervene only
> where an administration has acted fraudulently, in bad faith, abused its
> discretion, or where the candidate's constitutional rights have been
> infringed. * * * We concur with the court's discussion in *Kunda v.*
> *Muhlenberg College* (C.A. 3, 1980), 621 F.2d 532, 548: " * * *
> Determinations about such matters as teaching ability, research
> scholarship, and professional stature are subjective, and unless they can
> be shown to have been used as the mechanism to obscure discrimination,
> they must be left for evaluation by the professionals, particularly since they
> often involve inquiry into aspects of arcane scholarship beyond the
> competence of individual judges. * * * "

*Gogate* at 225-226.

{30}   In *Kirsch v. Bowling Green State University*, 10th Dist. No. 95API 11-1476,
1996 WL 284717(May 30, 1996), the plaintiff challenged the denial of tenure arguing the
university applied improper criteria, including collegiality, "fitting in" and his personality.
The *Kirsch* court found collegiality and personality were properly considered only as
they affected the plaintiff's performance with regard to teaching, research and service.
*Kirsch* at 4.

{31}   We find such determinations are necessarily highly subjective. The record
here supports the court's finding the appellant's collegiality was properly considered in
the context of the review of her teaching, scholarship, and service.

**{32}** Appellant also argues the University's appeal process was a sham because the Faculty Reappointment Appeals Committee did not adequately consider the procedural irregularities of not having a female on the Faculty Personnel Committee, did not overturn the consideration of collegiality in the evaluation process, and did not take into account the weighting of the three criteria at 60%-30%-10%. Because we find these were not procedural irregularities or improper considerations, we reject appellant's argument the University's appeal process was a sham.

**{33}** In order to prove her claim for breach of contract, appellant had to show: 1. the existence of a contract; 2. performance by the plaintiff; 3. nonperformance by the defendant; and 4. damages as a result. *Textron Fin. Corp. v. Nationwide Mutual Insurance Co.*, 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996), citing *Garofalo v. Chicago Title Insurance Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995). A plaintiff must prove the elements of a breach of contract by a preponderance of the evidence. *Cooper & Pachell v. Haslage*, 142 Ohio App.3d 704, 707, 756 N.E.2d 1248 (9th Dist. 2001).

**{34}** We agree with the trial court the appellant did not demonstrate the University breached the contract.

**{35}** The third, fourth, and fifth assignments of error are overruled.

**{36}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS

WSG:clw 0426

[Cite as *Lovell v. Ohio Wesleyan Univ.*, 2012-Ohio-2139.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ALISON B. LOVELL                          :
                                          :
                    Plaintiff-Appellant   :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
OHIO WESLEYAN UNIVERSITY                   :
                                          :
                                          :
                    Defendant-Appellee    :          CASE NO. 2011-CAE-06-0053


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS