[Cite as *Morgan v. Voelz*, 2015-Ohio-4268.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JENNIFER D. MORGAN

      Plaintiff-Appellant

-vs-

DAVID VOELZ

      Defendant-Appellee

JUDGES:
Hon. John W. Wise, P .J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2015 CA 00048

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Canton Municipal Court, Case No.  2014 CVF 4861 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 13, 2015 |


APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| JEFFREY JAKMIDES<br>325 East Main Street<br>Alliance, Ohio  44601 | ARNOLD GLANTZ<br>4883 Dressler Road NW<br>Canton, Ohio  44718 |

*Wise, P. J.*

{¶1} Defendant-Appellant Jennifer D. Morgan appeals a judgment of the Canton Municipal Court finding in favor of Plaintiff-Appellee David Voelz on his claim for failure to repay a loan.

{¶2} Plaintiff-Appellee has not filed a brief in this matter.

## STATEMENT OF FACTS AND CASE

{¶3} Plaintiff-Appellee David Voelz was married to Glenna, the mother of Defendant-Appellant Jennifer Morgan, from September 9, 2009, to May 22, 2014.

{¶4} On January 27, 2012, Appellant was living with her mother and Appellee at 8425 Kent Avenue N.E. Canton, Ohio. Appellant's two children, ages 16 and 13, also lived there.

{¶5} On January 27, 2012, Appellant and her former husband were involved in divorce proceedings. Appellant and Appellee went to the office of Attorney Jeffrey Jakmides to retain his services to represent Appellant in her divorce. Appellee paid $3,500.00 to Attorney Jeffrey Jakmides for Appellant's retainer.

{¶6} On September 17, 2014, Appellee filed a "Complaint for Money" in the Canton Municipal Court, alleging that Appellant had failed to repay the $3,500.00 retainer and additional amounts for various home furnishings which he allegedly purchased for her.

{¶7} On January 29, 2015, Appellant filed a Civ.R. 12(B)(6) Motion to Dismiss arguing that Appellee's Complaint stated claims that were barred by the Statute of Frauds.

{¶8} By Judgment entry filed February 13, 2015, the trial court denied Appellant's motion to dismiss.

{¶9} On February 27, 2015, a bench trial was held in this matter.

{¶10} At the beginning of the trial, Appellant renewed her motion to dismiss, which the trial court again denied.

{¶11} At trial, Appellee Voelz testified that he paid the retainer to Atty. Jakmides for Appellant, and during the drive home he told Appellant that she would have to repay him. (T. at 36, 38). Appellee also testified that he wrote out an agreement at one point, but Appellant refused to sign it. (T. at 17).

{¶12} Q: David, when- where were you when the two of you spoke about the agreement that she would pay you back?

{¶13} A: We were at Mr. Jakmides' office and in the car going back home.

{¶14} Q: And, that's when you discussed the repayment amount or plan or …?

{¶15} A: Yes. And when I got back home I had written a note on a legal piece of paper. I – and then I wanted Jennifer to sign it and date it, and we would sit down, the two of us, and try to negotiate a weekly or hour– or monthly amount …

{¶16} Q: And did she ever …

{¶17} A: … to pay me back.

{¶18} Q: And did she ever give that sheet back to you?

{¶19} A: No. She didn't sign it. She didn't do anything. She said I'm good for the money, I will pay you back. And I got the one hundred dollars back. And that was the end of it. (T. at 40).

{¶20}  Appellant Morgan testified that there was never any agreement that she would repay him. (T. at 13).  She testified that she did not believe such payment on her behalf to be a loan and stated:

{¶21}  Q:  Are you saying now that none of this was ever a loan?

{¶22}  A:  Some of the things that wha- that he purchased on his own with my mother, no, those things weren't.

{¶23}  Q: Okay, what about the attorney's fees?

{¶24}  A: The attorney's fees? I don't believe that was a loan either.

{¶25}  Q: What was it?

{¶26}  A: That was something that we discussed together, and said if I have time, if I am able to pay him back, that's something that I can do. Then things were sat down and we discussed these together between him, my mother and I because he had debts against her.

{¶27}  Q: So there were discussions that you had with him about you would pay this back if you could, and if things came okay, and you were able to, correct?

{¶28}  A: If I was able to…

{¶29}  Q: Okay

{¶30}  A: …just for the – beginning of the attorney's fees, yes.

{¶31}  Q:  And the beginning was that thirty-five hundred dollar payment …

{¶32}  A:  Correct

{¶33}  Q: … he put on his credit card …

{¶34}  A: Correct.

{¶35}  Q: …correct?

{¶36} A: Yes, correct.

{¶37} Q: But all this other furniture and bedding and comforters and curtain rods, those were just a gift from him to you?

{¶38} A: I could elaborate on the reasons why of his gifts, but I don't think he would like me to do that.

{¶39} Q: Well. I'm asking you, were they gifts from him to you?

{¶40} A: Yes, they were gifts. Absolutely. (T. at 50-51)

{¶41} Following the bench trial, the trial court issued a Judgment Entry finding that an oral contract existed between the parties and ordering Appellant to repay the $3,500.00 retainer which had been paid to Atty. Jakmides. As to remainder of his claims, the trial court further found that Appellee had failed to establish that he was entitled to recover the additional amounts claimed.

{¶42} Appellant now appeals, assigning the following errors on appeal:

ASSIGNMENTS OF ERROR

{¶43} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS, AS THE ALLEGED CONTRACT, IF IT EXISTED, WOULD BE SUBJECT TO THE STATUTE OF FRAUDS AS A CONTRACT TO ASSUME ANOTHER'S DEBT NOT TO BE PERFORMED WITHIN ONE YEAR OF THE ALLEGED MAKING THEREOF.

{¶44} "II. THE TRIAL COURT ERRED IN FINDING AN ENFORCEABLE ORAL CONTRACT, AS THE PLAINTIFF-APPELLEE'S OWN TESTIMONY ESTABLISHED THAT THERE WAS NO AGREEMENT MADE BETWEEN THE PARTIES."

**I.**

{¶45}  In her First Assignment of Error, Appellant argues the trial court erred in denying her Civ.R. 12(B)(6) motion to dismiss. We disagree.

{¶46}  Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).  "In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 418, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5, citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶47}  For purposes of our review, we therefore accept as true the facts asserted in Appellee's complaint.

{¶48}  Here, Appellant's motion to dismiss was based on the statute of frauds, pursuant to R.C. §1335.05, which was last amended in 1976 and provides:

No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶49} Appellant argued that Appellee failed to allege and/or prove that the loan in this case was to be repaid within one year.

{¶50} The " 'not to be performed within one year' provision of the Statute of Frauds ... has been given a literal and narrow construction." *Sherman v. Haines,* 73 Ohio St.3d 125, 127, 652 N.E.2d 698 (1995). In particular, the Ohio Supreme Court has held that, "[if] the time of payment under the agreement is indefinite or dependent upon a contingency which may happen within one year, the agreement does not fall within [Section 1335.05]." *Id.* at syllabus.

{¶51} In the case *sub judice*, there is no indication that the oral agreement could not have been performed within one year of its making. We therefore find R.C. §1335.05 did not apply to the alleged loan.

{¶52} Based on the foregoing, we find that the trial court did not err in denying Appellant's motion to dismiss.

{¶53} Appellant's First Assignment of Error is overruled.

**II.**

{¶54} In her Second Assignment of Error, Appellant argues the trial court erred in finding an enforceable contract existed in this matter. We disagree.

{¶55} The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. *See also Helle v. Landmark, Inc.* (1984), 15 Ohio App.3d 1, 15 OBR 22, 472 N.E.2d 765. A party asserting a contract must prove by a preponderance of the evidence the existence of the elements of the contract. *Cooper & Pachell v. Haslage* (2001), 142 Ohio App.3d 704, 707, 756 N.E.2d 1248. *See also Willey v. Blackstone*, 180 Ohio App.3d 303, 311, 2008-Ohio-7035.

{¶56} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

{¶57} The trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses

are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶58} In the instant case, the trial court found, and we concur, that Appellee established by a preponderance of the evidence "a manifestation of mutual assent" and "bargained-for legal benefit." As is stated above, Appellee testified that he spoke with Appellant about her obligation to repay the loan to him at Mr. Jakmides' office and on the car ride home from the law office. He further testified that he discussed the loan with Appellant when they arrived home and requested that she sign a document memorializing the loan. Further, Appellant herself testified that she knew that Appellee expected to be paid back for the loan, stating that she told him she would pay him back if and when she was able to do so.

{¶59} Based on the foregoing, we find that the trial court did not err in holding that there was a verbal contract between the parties.

{¶60} Appellant's Second Assignment of Error is overruled.

{¶61} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 1006