[Cite as *Skoda Minotti Co. v. Kent*, 2022-Ohio-3237.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SKODA MINOTTI COMPANY,  :

    Plaintiff-Appellee,  :

                                   No. 111227

    v.  :

JOHN H. KENT, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897904

---

### *Appearances:*

WELTMAN, WEINBERG & REIS, CO., L.P.A., and Roy J. Schechter, *for appellee.*

Weston Hurd LLP, Robert A. Poklar, Matthew C. Miller, and Patrick M. Cannell, *for appellants.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendants-appellants, John H. Kent ("Kent") and K.B. Directional, LLC ("KB Directional"), (collectively "Appellants"), appeal the trial court's decision granting summary judgment in favor of plaintiff-appellee Skoda Minotti Company

("Skoda") on its claim for breach of contract. For the reasons set forth below, we affirm.

### Procedural and Factual History

{¶ 2} Kent is the sole proprietor and owner of KB Directional, an entity that is engaged in directional drilling services on a contract basis for utility companies. In the spring of 2017, Kent hired Skoda, an accounting and litigation support firm, to perform various accounting services for himself and KB Directional. The engagement included reconstructing accounting records and ledgers from 2011 through 2016, preparing income tax returns that were outstanding since 2007, and assisting Kent and his attorney with respect to a pending divorce matter.

{¶ 3} On May 17, 2018, Skoda filed a complaint in Cuyahoga County Common Pleas Court alleging that it properly executed extensive professional services for Kent and KB Directional and fully performed all conditions precedent required under the parties' written agreement. Skoda further alleged that Kent and KB Directional failed to fully compensate Skoda for the services rendered, despite due demand.

{¶ 4} On June 21, 2018, while the underlying case was pending, Kent filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court"). In December 2018, Kent's attorney filed a suggestion of bankruptcy, which resulted in the trial court staying all matters until the conclusion of the bankruptcy proceedings.

**{¶ 5}** On May 19, 2019, Kent filed an Adversary Proceeding Complaint[1] against Skoda in the Bankruptcy Court asserting claims including breach-of-contract, unjust enrichment, and conversion. The matter proceeded to a full trial. To be discussed in detail below, on May 5, 2020, the federal judge issued a Memorandum Opinion ("Memorandum Opinion") finding in favor of Skoda on Kent's breach-of-contract claim.

**{¶ 6}** Subsequently, on August 13, 2020, Skoda filed a motion to vacate the stay, which the trial court granted. On April 19, 2021, Skoda filed an amended complaint, naming KB Directional as a new party defendant. In the amended complaint, Skoda alleged that "[u]pon information and belief, Kent filed the Adversary Proceeding in part, in an effort to thwart Skoda from obtaining a judgment and pursuing collection through this common plea court action * * *."

**{¶ 7}** Further, that

> [a]fter a full and fair opportunity for the parties to litigate the claims raised in the Adversary Proceeding, and an evidentiary hearing involving numerous witnesses and extensive documentary evidence, United States District Court Judge Thomas P. Agresti issued a 27 page Memorandum Opinion on May 7, 2020, resolving numerous factual issues, and ruling that Skoda did not breach the contract and had properly performed under the Agreement, that Kent had breached the Agreement, and refusing to award Kent monetary damages.[2]

**{¶ 8}** On August 13, 2021, Skoda filed a motion for summary judgment and attached, among other things, the affidavit of the firm's managing partner, Frank

---

[1] The adversary proceeding is a core matter pursuant to 28 U.S.C. 157(b)(2)(E).

[2] A copy of the Memorandum Opinion was attached to the Amended Complaint as Exhibit 3.

Suponcic ("Suponcic"). In its motion, Skoda centrally argued that the Bankruptcy Court's Memorandum Opinion compelled judgment in its favor, because Kent was estopped from litigating any of the contractual issues. Appellants filed their brief in opposition arguing that collateral estoppel was not applicable.

{¶ 9} On December 31, 2021, the trial court granted summary judgment in favor of Skoda and against Appellants in the amount of $33,717.55, plus interest, as provided in the contract accruing at 1 percent per month from March 3, 2021.

{¶ 10} Appellants now appeal and assigns the following sole error for review:

## Assignment of Error

The trial court erred in granting plaintiff-appellee's motion for summary judgment.

## Law and Analysis

{¶ 11} In the sole assignment of error, Appellants argue the trial court erred in granting summary judgment in Skoda's favor on its breach-of-contract claim.

**Standard of Review**

{¶ 12} To begin, Civ.R. 56(C) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is proper where:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can

come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.,* 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 13} "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the movant satisfies the initial burden, then the nonmoving party has the burden to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id.* A trial court's grant of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**Breach of Contract**

{¶ 14} Preliminarily, to prevail on a breach-of-contract claim, the party seeking to enforce the contract must prove, by a preponderance of the evidence, all of the elements of the claim. *Holliday v. Calanni Enters.*, 8th Dist. Cuyahoga No. 110001, 2021-Ohio-2266, ¶ 20, citing *On Line Logistics, Inc. v. Amerisource Corp.*, 8th Dist. Cuyahoga No. 82056, 2003-Ohio-5381, ¶ 39, citing *Cooper & Pachell v. Haslage*, 142 Ohio App.3d 704, 707, 756 N.E.2d 1248 (9th Dist.2001). These elements include "the existence of a contract, performance by the plaintiff,

breach by the defendant, and damage or loss to the plaintiff." *Holiday* at *Id.*, citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

{¶ 15} In the instant matter, Skoda argued in its motion for summary judgment that the above elements were already determined by the Bankruptcy Court in the adversarial proceeding. Specifically, whether Kent and Skoda entered into a contract, whether Skoda properly performed the subject contract, and whether Kent breached the contract by failing to fully pay for the services rendered were determined after a full and fair trial in the Bankruptcy Court.

{¶ 16} Thus, Skoda argued that because these findings were made after a trial between the same parties, whom were both represented by counsel, and involved the same material issues raised in the pleadings, they constitute res judicata and collateral estoppel. Consequently, Skoda argued there remained no genuine issue of material fact and they were entitled to summary judgment as a matter of law. For the reasons that follow, we agree.

**Res Judicata and Collateral Estoppel**

{¶ 17} Res judicata precludes "'the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.'" *Jefferson v. Current Successor*, 8th Dist. Cuyahoga No. 108010, 2019-Ohio-2905, ¶ 8, citing *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651, 687 N.E.2d 768 (1998), quoting *Office of Consumers' Counsel v. Public Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). Pursuant to the concept of claim preclusion, "a valid final judgment

rendered upon the merits bars subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.*, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 18} Relevantly, collateral estoppel, or issue preclusion, prevents relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. *Thistledown Racetrack L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 109469, 2021-Ohio-2511, ¶ 28, citing *Fort Frye Teachers Assn. v. State Emp. Relations Bd.,* 81 Ohio St.3d 392, 395, 1998- Ohio 435, 692 N.E.2d 140 (1998).

{¶ 19} Collateral estoppel applies when three requirements are met: "the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969), paragraph two of the syllabus.

{¶ 20} "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.'" *Kobal v. Edward Jones Sec.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 26, citing *Cashelmara Villas Ltd. Partnership v.*

*DiBenedetto*, 87 Ohio App.3d 809, 813, 623 N.E.2d 213 (8th Dist.1993), quoting

*Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74, 369 N.E.2d 776 (1977).

{¶ 21} To begin, we note, in the present matter, there is no dispute that the

parties are identical to those in the Bankruptcy Court action. Further, the parties do

not dispute that a court of competent jurisdiction entered a final judgment on the

merits of the claim. As such, we will primarily address whether the same issue was

actually and directly litigated in the adversarial proceedings in the Bankruptcy

Court.

{¶ 22} In addressing the breach-of-contract claim in the Bankruptcy Court,

the exhaustive and well-reasoned Memorandum Opinion began by encapsulating

Kent's essential allegations as follows:

> 17. Debtor and Defendants entered into a contract on or about
> June 1, 2017, to organize Debtor's financial records and assist him with
> advisory and tax compliance matters.
>
> 18. Debtor paid certain amounts over to Skoda and Page[3] in performing
> under the contract.
>
> 19. Skoda and Page have failed to perform their end of the contract by
> their refusal to produce any work product or any invoices to prove how
> his payments for these services were expended. Therefore, Skoda and
> Page have breached the contract between them and Debtor.

{¶ 23} The Memorandum Opinion continued that Skoda's response to

Kent's breach-of-contract claim focused on two arguments namely:

---

[3] Given the time sensitivity, the amount of the work that needed to be done to create the general ledger, and the lack of availability of any Skoda personnel who could devote full attention to such a project, Suponcic subcontracted this part of the work to Laura Page, someone outside the firm that could do the work more quickly.

First, that to the extent the Defendants failed to complete work for the Debtor as was envisioned in the contract, it was solely due to Debtor's failure to provide the Defendants with materials that they needed to do so.

Second, that the Debtor, having voluntarily made payments to them under the contract totaling $28,540 after receiving billing invoices from the Defendants, may not now seek to recover such payments by claiming a breach of contract.

{¶ 24} In arriving at its conclusion on the breach of contract, the Bankruptcy Court found significant Skoda's response that Kent failed to provide certain material that Skoda had requested "and that such failure was in itself a breach of the contract by [Kent]." Importantly, the parties' written agreement provides in pertinent part that "[y]ou [i.e., Debtor] agree to provide all financial and nonfinancial information and documentation reasonably deemed necessary or desirable by us in connection with the engagement."

{¶ 25} The Bankruptcy Court found that the evidence was overwhelming that Kent did not provide all the necessary information that was requested of him by Skoda. Specifically, that the failure of Kent to provide such information prevented or hindered Skoda from completing its work under the contract, thereby excusing any breach of the contract by Skoda.

{¶ 26} The Bankruptcy Court elaborated that

Suponcic testified credibly to repeated communications that were made to the Debtor and/or Mrs. Kent attempting to get them to provide information and documents that Skoda needed in order to perform the work it had contracted to do. This credible testimony was backed up by documentary exhibits, including e-mails, that showed Skoda was seeking materials which the Debtor could not, or would not provide. Suponcic also credibly testified that it would have been a violation of

Skoda's professional ethical obligations and would have exposed Skoda to the possibility of preparer liability, if it had filed any tax returns based only on the limited materials that Debtor did provide.

{¶ 27} The Bankruptcy Court emphasized that

Skoda did the best it could with the information that the Debtor did provide. Even assuming that Skoda failed to fully perform under the contract as the party had envisioned when it was signed, such failure was solely the result of the Debtor failing to comply with his obligation under the contract to provide all financial and nonfinancial information and documentation deemed necessary or desirable by Skoda.[4]

{¶ 28} Nonetheless, Appellants argue that collateral estoppel does not apply because the Bankruptcy Court never specifically decided whether he breached the contract. Appellants suggest that the Bankruptcy Court only determined that Skoda did not breach the contract. However, Appellants' belief ignores their obligations under the agreement. As previously stated, Kent agreed to provide all financial and nonfinancial information and documentation reasonably deemed necessary or desirable by Skoda in connection with the engagement.

{¶ 29} Here, it is undeniable that Kent failed to provide the requested financial and nonfinancial information. Despite Appellants' present assertions, in failing to do so, they in fact breached the contract. It is worth repeating that the Bankruptcy Court noted that "such failure was in itself a breach of the contract by

---

[4] The Bankruptcy Court noted that "the Contract does not expressly include a 'reasonableness' component with respect to the Debtor's obligation to provide information and documentation as requested by Skoda. If a reasonableness standard is nevertheless implied, the Court would find the requests for information and documentation made by Skoda were reasonable and germane to the tasks it was performing."

[Kent]." This very finding is what Appellants suggest should again be litigated in a successive venue.

{¶ 30} Because the instant issue, between the same parties, was decided when Appellants were fully represented and when they had a full and fair opportunity to litigate this issue, collateral estoppel applies. Unquestionably, "the existence of a contract, performance by [Skoda], breach by [Kent], and damage or loss to [Skoda]," have been squarely determined in the Bankruptcy Court and should not be relitigated. As such, there was no genuine issue as to any material fact and Skoda was entitled to judgment as a matter of law. The trial court did not err when it granted summary judgment in favor of Skoda.

{¶ 31} Accordingly, we overrule the sole assignment of error.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR