[Cite as *Nationstar Mtge., L.L.C. v. Jessie*, 2025-Ohio-454.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NATIONSTAR MORTGAGE, L.L.C.,  :

    Plaintiff-Appellee,  :

                            No. 113932

    v.  :

D'ANDRE L. JESSIE, ET AL.,  :

    Defendants-Appellants.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-886469

---

### *Appearances:*

Reimer Law Co. and Mike L. Wiery, *for appellee.*

Gary Cook, *for appellants.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendants-appellants Emma L. Warner ("Warner") and D'Andre L. Jessie ("Jessie") (collectively "appellants") challenge the judgment of the Cuyahoga County Court of Common Pleas, overruling Warner's objections to the magistrate's decision and adopting the magistrate's decision denying Warner's motion to enforce

settlement agreement and to stay eviction. Appellants raise the following assignment of error:

> Reviewing both questions of fact and evidence and the legal issues, the [r]ecord established that the trial court erred to the prejudice of the appellant by adopting the magistrate's decision overruling the appellants' objections due to its error in concluding that the appellee properly "rescinded" its offer prior to any acceptance by the appellants or that the settlement agreement was otherwise unenforceable, particularly since the appellee failed to act in good faith in all aspects.

{¶ 2} After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} This appeal arises from a foreclosure case brought by Nationstar Mortgage L.L.C. ("Nationstar") against appellants. Warner and Jessie were the married title owners of property on Allston Road in Cleveland Heights ("property"). The parties divorced during the pendency of the below proceedings, and Warner was awarded the property and ordered to be responsible for all financial obligations related thereto.

{¶ 4} Nationstar filed suit against appellants seeking foreclosure of the property. U.S. Bank National Association ("U.S. Bank") was later substituted as the plaintiff in this matter.

{¶ 5} The trial court issued a decree of foreclosure, which was later affirmed by this court. *Nationstar Mtge. L.L.C. v. Jessie*, 2021-Ohio-439 (8th Dist.).

{¶ 6} Following the appeal, a sheriff's sale was ordered for the property. Confirmation of the sale was stayed to allow Warner an opportunity to redeem the

property. The parties entered into negotiations to resolve the case, and the court set a deadline for redemption. Warner did not redeem by the stated date, and the court confirmed the sale in June 2023. Warner appealed the confirmation. [1]

{¶ 7} In July 2023, appellants offered to pay $195,000 as a full payoff. U.S. Bank advised that it would accept this amount if both appellants signed a settlement and release document and the money was delivered to U.S. Bank no later than August 8, 2023. As another condition to settlement, U.S. Bank required the disclosure of the source of funds Warner would be using as payoff so that it could comply with federal regulations designed to prevent money laundering.

{¶ 8} Warner moved to stay execution of the confirmation entry pending appeal. A hearing was held on her motion in August 2023. She was ordered to post a bond of $29,300, which she did not do. U.S. Bank filed a motion to proceed with sheriff's deed, which was granted. The deed was then recorded, and U.S. Bank became the owner of the property.

{¶ 9} In October 2023, Warner filed a motion to deposit funds with the clerk, asserting that the parties had reached an agreement to settle the case. U.S. Bank opposed the motion, maintaining that no agreement had been reached since appellants failed to respond to the conditions proposed by U.S. Bank.

{¶ 10} The trial court conducted several telephone conferences with the parties in October and November 2023, where the parties continued to discuss

---

[1] The docket reflects that Warner filed a notice of appeal but did not file a docketing statement or praecipe, so no appeal was ever opened.

settling the matter. After the final conference in November 2023, U.S. Bank's counsel agreed to draft a settlement and release agreement. He emailed the agreement to Warner's counsel on November 13, 2023. The agreement provided that full payment of the $195,000 had to be made by November 22, 2023, and that appellants release any claims they may have had against U.S. Bank. The email to which the agreement was attached indicated that both appellants needed to sign the agreement and that Warner was required to provide the source of her funds.

{¶ 11} Appellants did not make the payment or submit an executed agreement by November 22, 2023. U.S. Bank's counsel emailed appellants' counsel a number of times in late November and early December requesting the executed agreement and the $195,000 payment, inquiring whether there was a need for more time and warning that his client may be forced to proceed with a new writ of possession and eviction.

{¶ 12} On December 11, 2023, U.S. Bank's servicer Selene Finance LP sent Warner's counsel a letter stating that it was "unable to approve" the settlement. U.S. Bank's counsel also emailed a copy of this letter to Warner's counsel, stating that the attached termination letter had been issued due to appellants' lack of response regarding the settlement agreement and advising that they would be proceeding with a new writ of possession.

{¶ 13} Warner had experienced difficulty in obtaining Jessie's signature on the settlement and release agreement. Jessie finally signed the agreement on January 2, 2024. Warner's counsel left a voicemail message for U.S. Bank's counsel

advising that the $195,000 was being sent to counsel's office. He mailed a cashier's check for $195,000 and the executed agreement to U.S. Bank's counsel that same day; however, the check and agreement were sent to a prior address for U.S. Bank's counsel's law firm. The items were returned to Warner's counsel as undeliverable several weeks later.

{¶ 14} Warner's counsel and U.S. Bank's counsel discussed the check and agreement in mid-January. U.S. Bank's counsel informed Warner's counsel that he had not received the check and agreement and advised that they would be standing by the December 11, 2023 termination letter and that they would not be entertaining reopening negotiations and would be proceeding with the eviction as scheduled.

{¶ 15} Warner moved to enforce the settlement agreement, requesting that the court order U.S. Bank to accept her check for $195,000, vacate the deed, sale, and decree of foreclosure, and dismiss the case.

{¶ 16} U.S. Bank opposed the motion, arguing that no settlement agreement existed between the parties because the agreement had not been signed by the deadline. In support of its brief in opposition, U.S. Bank submitted emails between counsel for the parties reflecting the ongoing negotiations for the resolution. In July 2023, appellants' counsel had been notified as follows:

> Plaintiff has advised that they will agree to accept $195k as a short payoff of the loan if your client will agree to the following conditions:
>
> 1. A Settlement and Release Agreement will be required, signed by both D'Andre Jessie and Emma Warner, which will include standard release and confidentiality provisions.

2. $195k will be due by 8/8/23.

a. Plaintiff is requesting proof of funds and information regarding where these funds are coming from so Plaintiff can advise you what documents are needed for OFAC clearance.

3. If funds are not received by 8/8/23, both D'Andre Jessie and Emma Warner will permit foreclosure process to proceed without further objection, and will voluntarily vacate the property without need for eviction.

4. Dismissal of the Appeal will be required with the signing of the SRA.

Please advise if your client is amenable to Plaintiff's conditions, and we will prepare the SRA and associated documents.

. . .

{¶ 17} The magistrate held a hearing on Warner's motion and later issued a decision declining to enforce the settlement. The magistrate determined that Warner did not timely accept U.S. Bank's offer of settlement by complying with the express terms. There was no agreement between the parties, and appellants' late performance had no effect.

{¶ 18} Warner filed objections to the magistrate's decision, arguing that the parties had an agreed resolution in November 2023. She acknowledges that she had some difficulty in obtaining the signature of her ex-husband, Jessie. She disputed the need for Jessie's signature at all, arguing that she had been awarded the property in the divorce proceedings and she alone was required to raise the funds to settle the foreclosure.

{¶ 19} After she was finally able to obtain his signature, Warner's counsel transmitted the check and agreement to U.S. Bank's attorney at the address

provided by him. However, counsel had since relocated, and the check was returned as undeliverable. Warner again asserted that she was not at fault for this delay.

{¶ 20} Warner argued that there was not merely an offer but that a full agreement had been formed between the parties. She contended that she partially performed the agreement and substantially complied with its terms.

{¶ 21} The trial court overruled Warner's objections and adopted the magistrate's decision denying the motion to enforce settlement agreement.

{¶ 22} Appellants then filed the instant appeal.

## II. Law and Analysis

### A. Standard of Review

{¶ 23} The standard of review for a motion to enforce a settlement agreement turns on the question presented. "If the question is an evidentiary one, this court will not overturn the trial court's finding if there was sufficient evidence to support such finding." *Turoczy Bonding Co. v. Mitchell*, 2018-Ohio-3173, ¶ 15 (8th Dist.), citing *Chirchiglia v. Ohio Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679 (7th Dist. 2000). "[W]here the issue is a question of contract law," this court "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." *Id.*, citing *id.*, citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). This appeal presents a question of contract law.

## B. Breach of Settlement Agreement

{¶ 24} Settlement agreements are contractual in nature and, as such, basic principles of contract law apply. *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997). "'[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.'" *Id.* at 376, quoting *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). Additionally, the terms of the settlement agreement must be reasonably certain and clear. *Id.*

{¶ 25} Following the final status conference in November 2023, the trial court entered an order stating, "Status conference held. The parties have agreed to a resolution of the case. Once it receives payment, Plaintiff will be filing a motion to vacate sale, to vacate confirmation of sale, to vacate the decree of foreclosure, and to dismiss the case."

{¶ 26} Several days later, U.S. Bank's counsel forwarded a copy of the draft settlement and release agreement to appellants' counsel. The email reiterated that Jessie was also required to sign the agreement and that the lender requested a breakdown of the origin of the $195,000.

{¶ 27} To establish a breach of a settlement agreement, the party alleging the breach must prove (1) existence of the settlement agreement, (2) performance by the nonbreaching party, (3) breach by the other party, and (4) resulting damages or loss to the nonbreaching party. *Raymond J. Schaefer, Inc. v. Pytlik*, 2010-Ohio-4714, ¶ 24 (6th Dist.). "The party seeking to enforce the settlement agreement bears the burden to prove, by a preponderance of the evidence, all of the elements of a claim

for breach of a settlement agreement." *Rondy, Inc. v. Goodyear Tire & Rubber Co.*, 2004-Ohio-835, ¶ 7 (9th Dist.), citing *Cooper & Pachell v. Haslage*, 142 Ohio App.3d 704, 707 (9th Dist. 2001), quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29 (8th Dist. 1981), paragraph two of the syllabus.

{¶ 28} It appears that the parties did, in fact, have an agreement to settle this matter but that appellants breached its terms by failing to perform. While they did both ultimately sign the agreement and a check for the funds was sent to U.S. Bank's counsel, the signed document and funds were sent over a month after they were due under the parties' agreement. Any issues with the check and agreement being sent to counsel's prior address are not relevant because, again, these items were not even sent until after the deadline had passed. While appellants maintain that U.S. Bank imposed additional conditions at the eleventh hour, such as requiring Jessie's signature and the source of the funds, emails exchanged between counsel as early as July 2023 reflect that these terms had always been a part of the settlement discussions.

{¶ 29} Appellants cannot demonstrate the elements of breach of a settlement agreement because they themselves did not perform under the agreement. Sending the check and signed agreement over a month after the deadline does not constitute performance of the agreement. Accordingly, the trial court correctly overruled Warner's objections to the magistrate's denial of the motion to enforce settlement agreement.

{¶ 30} The sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
DEENA R. CALABRESE, J., CONCUR