[Cite as *Tabbaa v. Nouraldin*, 2022-Ohio-1172.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MOHAMMAD TABBAA, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110737 |
| v. | : | |
| DR. HAZEM NOURALDIN, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 7, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-922499

*Appearances:*

Michael Drain, *for appellant*.

RaslanPla & Company, LLC, Nadia R. Zaiem, and Jorge
Luis Pla, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiff-appellant, Mohammad Tabbaa ("Tabbaa"), appeals an order granting summary judgment in favor of defendant-appellee, Dr. Hazem Nouraldin ("Nouraldin"). He claims the following two errors:

1. The trial court committed prejudicial error in granting defendant's motion for summary judgment on the ground that plaintiff's claim for breach of contract was irrelevant.

2. The trial court committed prejudicial error in granting defendant's motion for summary judgment where the statute of limitations for breach of written contract had not expired.

{¶ 2} After reviewing the record and applicable law, we reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 3} On September 30, 2019, Tabbaa filed a complaint against Nouraldin and his wife, Sainya Atassi (collectively "the Nouraldins"). The complaint alleges that Tabbaa and the Nouraldins co-owned multiple commercial properties and businesses. At some point in time, Tabbaa was sued in connection with a restaurant he owned with a third party. Tabbaa transferred his membership interests in the businesses he co-owned with the Nouraldins to the Nouraldins in order to conceal his assets from creditors. (Complaint ¶ 3, 4, 32.) According to the complaint, the parties agreed Tabbaa would transfer his interests to the Nouraldins, but he would continue to exercise his voting rights and receive his share of the profits from the businesses. He also alleged that the Nouraldins agreed to return his shares and membership interests to him upon request.

{¶ 4} After the restaurant litigation was resolved, Tabbaa requested the return of his business interests. Tabbaa alleges that the Nouraldins not only failed to return his interests as promised, they also failed to pay his share of the profits and proceeds from the sale of some of the commercial properties. The complaint asserts

claims for breach of contract, promissory estoppel, conversion, fraud, unjust enrichment, and declaratory judgment. The complaint repeatedly refers to an "oral contract," but also refers to a written contract, though no written contract was attached to the complaint. (Complaint ¶ 31-32, 46.)

{¶ 5} The complaint does not allege any dates on which the alleged oral agreement was made. During discovery, Tabbaa averred in responses to interrogatories that the parties entered into an agreement some time in 2007. (Responses to interrogatory Nos. 4, 7, 8, 9, 10, and 11.)[1] Tabbaa also averred that he transferred his interests in the businesses pursuant to the parties' agreement in January 2008, and that he made repeated demands for the Nouraldins to return his membership interests from 2010 through 2016, but the Nouraldins refused to honor the parties' agreement. (Response to interrogatory No. 12.)

{¶ 6} The Nouraldins filed a motion for summary judgment, arguing that Tabbaa's claims were barred by the statute of limitations applicable to each of his claims. The trial court agreed and granted the Nouraldinses' motion for summary judgment. In its judgment entry, the court acknowledged that Tabbaa twice refiled the complaint in this case. The complaint was first filed on November 8, 2016, and was voluntarily dismissed by Tabbaa on January 9, 2017. Tabbaa refiled the complaint on January 8, 2018, but that complaint was dismissed for want of

---

[1] Tabbaa's responses to interrogatories are attached to defendants' motion for summary judgment as Exhibit A.

prosecution on November 2, 2018.[2]  Tabbaa filed the complaint for the third time on September 30, 2019.

{¶ 7} The trial court concluded that Tabbaa did not plead a claim for breach of a written contract and that, therefore, the six-year statute of limitations applicable to oral contracts applied to his breach-of-contract claim.  Although Tabbaa's first complaint was filed within the applicable statute of limitations and that the Ohio Savings Statute, R.C. 2305.19(A), allowed Tabbaa to refile the case within one year of dismissal, the trial court found that the six-year statute of limitations had expired before Tabbaa filed the third complaint on September 30, 2019.  The trial court also found that the statutes of limitations applicable to Tabbaa's other claims were also expired.  Tabbaa now appeals the trial court's judgment.

## II.  Law and Analysis

### A.  Standard of Review

{¶ 8} Appellate review of summary judgments is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the

---

[2] The "double dismissal rule" bars the subsequent refiling of a complaint that has previously been voluntarily dismissed and refiled.  However, the double dismissal rule only applies to notices of voluntary dismissal under Civ.R. 41(A).  A dismissal for want of prosecution is a different type of dismissal under Civ.R. 41(B) and does implicate the double dismissal rule.  *Hamrick v. Ramalia*, 8th Dist. Cuyahoga No. 97385, 2012-Ohio-1953, ¶ 12, citing *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 25-26.  *See also Thompson v. Ohio State Univ. Hosps.*, 10th Dist. Franklin No. 06AP-1117, 2007-Ohio-4668.

type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

## B. Written Contract

{¶ 9} In the first assignment of error, Tabbaa argues the trial court erred in finding that the parties did not have a written contract and that the statute of limitations applicable to written contracts, which is longer than the statute of limitations for oral contracts, was inapplicable. He contends the parties had a written contract that the trial court erroneously ignored.

{¶ 10} In granting the Nouraldinses' motion for summary judgment, the trial court concluded, in relevant part:

> Plaintiff did not plead a breach of a written contract in the Complaint. Plaintiff allege[s] oral contracts in paragraphs 31 and 32 of the Complaint. Plaintiff nowhere alleged a written contract. No written contract was attached to the Complaint in compliance with Civil Rule 10(D). The statute of limitations for a written contract is therefore irrelevant as no such claim was plead [sic] in the Complaint.

However, Civ.R. 10(D) provides:

> When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be

attached to the pleading. *If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.*

(Emphasis added.) The complaint alleges, in part, that the Nouraldins made fraudulent misrepresentations to Tabbaa "[p]rior to the parties entering into the oral agreements and throughout the term of the written contract." (Complaint ¶ 46.) The complaint further states, in relevant part:

> Shortly after everything was signed, Defendants demanded the file from the attorney and has kept all copies of all documents regarding this transaction and has refused to provide same to Plaintiff.

(Complaint ¶ 10.) Thus, Tabbaa alleged that the parties had a written contract and explained that he did not attach a copy of the parties' written contract to the complaint, as contemplated by Civ.R. 10(D), because it was in the defendant's possession.

{¶ 11} Furthermore, Ohio is a notice-pleading state, which means that a plaintiff is generally not required to plead facts with particularity. *Cincinnati v. Beretta USA Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 8(A), which governs the general rules of pleadings and claims for relief, provides that a complaint is only required to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). Thus, under notice pleading requirements, a plaintiff need only allege sufficient facts to put the opposing party on notice of the nature of the claims against it. *Filips v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 79741, 2002-Ohio-4428, ¶ 23.

{¶ 12} Although the complaint refers to "an oral contract," the complaint also references a written contract and alleges sufficient operative facts to put the Nouraldins on notice that Tabbaa was seeking damages caused by the Nouraldinses' failure to return the interests in businesses and properties that Tabbaa temporarily transferred to them. Thus, Tabbaa alleged a breach-of-contract claim in the complaint and explained why the written contract was not attached to the complaint as required by Civ.R. 10(D). Moreover, Tabbaa attached a verified copy of the written contract to his brief in opposition to summary judgment and thus provided evidence of a written contract. Therefore, the trial court erred in concluding that Tabbaa never alleged a breach-of-written-contract claim and that the statute of limitations applicable to written contracts was irrelevant.

{¶ 13} The first assignment of error is sustained.

## C. Statutes of Limitations

{¶ 14} In the second assignment of error, Tabbaa argues the trial court erred in finding that his breach-of-contract claim was barred by the statute of limitations applicable to oral contracts. He contends that because the parties had a written contract, the trial court should have applied the statute of limitations applicable to written contracts.

{¶ 15} As discussed in the previous assignment of error, the trial court erred in finding that the statute of limitations for written contracts was inapplicable since Tabbaa alleged and proved that the parties had a written contract. Tabbaa concedes, however, that his interests in Doctor Realty, L.L.C. were not included in the written

agreement and that it was the subject of an oral contract. (Plaintiff's response to motion for summary judgment p. 3.) Thus, the statute of limitations applicable to oral contracts applies to the parties' oral contract concerning Tabbaa's interests in Doctor Realty, L.L.C.

{¶ 16} Having determined that the parties had both a written and oral contract, we must now determine whether Tabbaa's claims for breach of written and oral contracts are barred by the respective statutes of limitations applicable to oral and written contracts. "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 21, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507, 692 N.E.2d 581 (1998). "Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Id.*

{¶ 17} A breach-of-contract claim accrues when the alleged breach causes actual damages to the complaining party. *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 13 (Breach of contract to provide insurance benefits does not accrue until insurer refuses to pay claim.).

{¶ 18} R.C. 2305.06 provides the statute of limitations for "contracts in writing" and states that except for certain inapplicable provisions, "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within six years after the cause of action accrued." R.C. 2305.06 was amended, effective

June 16, 2021. An editor's note to the 2021 amendment to R.C. 2305.06 provides that the limitations period for claims that accrued prior to the effective date of the 2021 enactment shall be the limitations period in existence prior to 2021, or six years from the 2021 effective date, whichever occurs first.

{¶ 19} Another editor's note, pertaining to amendments made in 2012, states that the limitations period for causes of action that accrued prior to the effective date of the 2012 amendment "shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first." The statute of limitations applicable to written contracts prior to the 2012 amendment was 15 years. *See* Amendment Notes to R.C. 2305.06.

{¶ 20} Tabbaa's breach-of-contract action accrued as early as 2010, when he demanded return of his shares or membership interests and the Nouraldins refused to return them. (Complaint ¶ 11-21, 34; response to interrogatory No. 12.) In his brief in opposition to the motion for summary judgment, Tabbaa asserts that his breach-of-contract action would have accrued at the earliest on October 13, 2011, when one of the properties he co-owned with the Nouraldins was sold and he did not receive any of the proceeds. (Plaintiff's response to motion for summary judgment p. 5.) Whether Tabbaa's breach-of-contract action accrued sometime in 2010, or on October 13, 2011, the claim accrued before the 2021 and 2012 amendments to R.C. 2305.06 took effect. A six-year statute of limitations beginning on June 16, 2021, the effective date of the most recent amendment to R.C. 2305.06, would expire in 2027. Assuming the breach-of-contract claim arising from the

parties' written contract accrued in 2010, the 15-year statute of limitations in effect prior to the 2012 amendment would not expire until 2025, which will occur before 2027. Therefore, the 15-year statute of limitations in effect prior to the 2012 and 2021 amendments applies to the parties' written contract.

{¶ 21} Tabbaa filed the third complaint on September 30, 2019. Although the specific month and day the claim accrued are unknown, we can determine that the complaint was timely filed based on the year. We, therefore, find that Tabbaa's complaint for breach of contract based on a written contract was timely filed and that the trial court erred in concluding that his breach-of-contract claim was barred by the statute of limitations.

{¶ 22} As previously stated, Tabbaa's breach-of-contract claim relative to his interests in Doctor Realty, L.L.C. is based on an oral contract. R.C. 2305.07 provides the statute of limitations for "contracts not in writing." As relevant here, R.C. 2305.07(A) states that "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, shall be brought within four years after the cause of action accrued."

{¶ 23} R.C. 2305.07 was amended, effective June 16, 2021. The editor's notes state, in relevant part:

> Acts 2021, SB 13, § 5 provides: "(A) For causes of action that are governed by division (A) of section 2305.07 of the Revised Code that accrued prior to the effective date of this act, the period of limitations shall be four years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first."

{¶ 24} The statute of limitations for oral contracts in effect prior to the effective date of S.B. 13, was six years. *See* amendment notes to R.C. 2305.07; *Pomeroy v. Schwartz*, 8th Dist. Cuyahoga No. 99638, 2013-Ohio-4920, ¶ 26. Tabbaa stated in response to interrogatories that he requested the return of his interests in multiple business entities "numerous" times between 2010 and 2016. Therefore, his cause of action on the oral contract accrued before the effective date of the 2021 amendment to R.C. 2305.07, and the six-year statute of limitations in effect prior to the effective date of 2021 amendment applies to this claim.

{¶ 25} As previously stated, Tabbaa demanded the return of his interests in multiple entities "numerous" times "between 2010 and 2016." (Response to interrogatory No. 12.) It is not clear from the complaint, Tabbaa's answers to interrogatories, or the affidavit attached to his brief in opposition to the summary judgment motion when he specifically requested the return of his interests in Doctor Realty, L.L.C. We have no way of knowing whether he requested the return of his interests in all entities at once or whether he only requested a few at a time over a period of years and, if so, when he requested the return of his interests in Doctor Realty, L.L.C.

{¶ 26} Tabbaa argues that his breach-of-contract claim relative to Doctor Realty, L.L.C. has not yet accrued because the property owned by that entity has not been sold, and the Nouraldins have not yet deprived him of the proceeds. (Plaintiff's response to motion for summary judgment p. 5; affidavit attached to plaintiff's response to motion for summary judgment ¶ 9.) We simply do not have sufficient

information in the record to make a determination as to whether this cause of action has accrued and, if so, when it accrued. Therefore, the trial court erred in granting summary judgment on that claim without sufficient evidence to make such a determination.

{¶ 27} The second assignment of error is sustained.

{¶ 28} Judgment reversed and case remanded to the trial court for further proceedings. Tabbaa did not challenge the trial court's finding that his claims for promissory estoppel, conversion, fraud, unjust enrichment, and declaratory judgment were barred by the applicable statutes of limitations relative to those claims. Therefore, the trial court's order granting summary judgment on those claims remains unchanged.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR