[Cite as *Tabbaa v. Nouraldin*, 2024-Ohio-3296.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MOHAMMAD TABBAA,

      Plaintiff-Appellant,      :

                                     No. 113091

      v.                      :

DR. HAZEM NOURALDIN, ET AL.,      :

      Defendants-Appellees.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-922499

---

### *Appearances:*

Michael Drain, *for appellant*.

Raslanpla & Company, LLC, Nadia R. Zaiem, and Jorge
Luis Pla, *for appellees*.

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Mohammad Tabbaa ("Tabbaa"), appeals the journal entry granting defendants-appellees, Dr. Hazem Nouraldin ("Nouraldin") and Sainya Atassi's ("Atassi") motion for summary judgment. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Since 2016, Tabbaa has filed three lawsuits against Nouraldin stemming from alleged breaches of the oral and written business contracts between them. Tabbaa's first lawsuit against Nouraldin, filed in November 2016, was voluntarily dismissed without prejudice. *See Tabbaa v. Nouraldin*, Cuyahoga C.P. No. CV-16-871572. Tabbaa refiled in January 2018, but the case was subsequently dismissed for want of prosecution. *See Tabbaa v. Nouraldin*, Cuyahoga C.P. No. CV-18-891280. This appeal involves Tabbaa's third lawsuit and is the second appeal from that case. The relevant facts and procedural history are as follows.

{¶ 3} In September 2019, Tabbaa filed his third, six-count complaint against Nouraldin and, for the first time, added Nouraldin's wife, Atassi, as a party-defendant (both defendants-appellees collectively referred to as "the Nouraldins"). Tabbaa's third complaint asserted the following causes of action: breach of contract, promissory estoppel, conversion, fraud, unjust enrichment, and declaratory judgment.

{¶ 4} Following discovery, the Nouraldins filed an initial motion for summary judgment, arguing that all of Tabbaa's claims were barred by the applicable statutes of limitation. The trial court granted their motion for summary judgment and dismissed Tabbaa's complaint in its entirety. Tabbaa appealed and this court reversed the trial court's judgment granting summary judgment on

Tabbaa's breach-of-contract claim and remanded the matter for further proceedings.[1] *Tabbaa v. Nouraldin*, 2022-Ohio-1172, ¶ 28 (8th Dist.) ("*Tabbaa I*").

{¶ 5} In *Tabbaa I*, this court made the following factual findings regarding the instant lawsuit:

> The complaint alleges that Tabbaa and the Nouraldins co-owned multiple commercial properties and businesses. At some point in time, Tabbaa was sued in connection with a restaurant he owned with a third party. Tabbaa transferred his membership interests in the businesses he co-owned with the Nouraldins to the Nouraldins in order to conceal his assets from creditors. (Complaint ¶ 3, 4, 32.) According to the complaint, the parties agreed Tabbaa would transfer his interests to the Nouraldins, but he would continue to exercise his voting rights and receive his share of the profits from the businesses. He also alleged that the Nouraldins agreed to return his shares and membership interests to him upon request.
>
> After the restaurant litigation was resolved, Tabbaa requested the return of his business interests. Tabbaa alleges that the Nouraldins not only failed to return his interests as promised, they also failed to pay his share of the profits and proceeds from the sale of some of the commercial properties. . . . The complaint repeatedly refers to an "oral contract," but also refers to a written contract, though no written contract was attached to the complaint. (Complaint ¶ 31-32, 46.)
>
> The complaint does not allege any dates on which the alleged oral agreement was made. During discovery, Tabbaa averred in responses to interrogatories that the parties entered into an agreement some time in 2007 [("Oral Agreement")]. (Responses to interrogatory Nos. 4, 7, 8, 9, 10, and 11.) Tabbaa also averred that he transferred his interests in the businesses pursuant to the parties' agreement in January 2008 [("Written Agreement")], and that he made repeated demands for the Nouraldins to return his membership interests from 2010 through

---

[1] The trial court's judgment granting summary judgment on Tabbaa's claims for promissory estoppel, conversion, fraud, unjust enrichment, and declaratory judgment remained unchanged because Tabbaa did not challenge the trial court's findings that they were barred by the applicable statutes of limitation on appeal. *Id.* at ¶ 28.

2016, but the Nouraldins refused to honor the parties' agreement. (Response to interrogatory No. 12.)

*Id.* at ¶ 3-5.

{¶ 6} Upon remand and after the completion of additional discovery, the Nouraldins filed a subsequent motion for summary judgment in April 2023, along with evidentiary support authenticated by the affidavit of their attorney. With respect to the alleged breach of the Oral Agreement, the Nouraldins asserted that Tabbaa's claims, if true, constituted an unenforceable, illegal contract.[2] The Nouraldins cited Tabbaa's complaint in support of their argument and claimed that he conspired with the Nouraldins to conceal his assets from his creditors. Alternatively, the Nouraldins claimed that Tabbaa failed to produce sufficient evidence of the Oral Agreement's existence or breach, noting that Tabbaa "refused to provide even the most basic facts about his claims" in his discovery responses. Next, the Nouraldins argued that the subsequent Written agreement, included as an exhibit, precluded consideration of the prior Oral agreement.

{¶ 7} Regarding the purported breach of the Written agreement, the Nouraldins argued that the businesses' properties and assets were sold and disposed of in accordance with the contract's terms. In support of their claim, the Nouraldins cited to the Written agreement, which provided that

- Tabbaa and Nouraldin had ownership interests in certain businesses and those businesses were to be sold and disposed of.

---

[2] We note that the Nouraldins raised the affirmative defense of "fraud, deceit, and illegal contract" in their answer to Tabbaa's complaint. (Answer, 03/13/20).

- Those businesses were to continue to operate in their normal course and Nouraldin had the sole right to sell them.

- Tabbaa transferred his ownership interests, shares, and management positions in the businesses to Nouraldin, but retained his share in the net proceeds from sales, which were to be distributed equally to Tabbaa and Nouraldin subject to the payment of "debts, obligations, or expenses."

- "Debts, obligations, or expenses" included all costs and expenses of the sale, all secured and/or mortgage debt or obligations, "whether to an institutional lender or Nouraldin," and any other expense or cost incidental to the transaction.

- Nouraldin had a secured interest in Tabbaa's share of net sale proceeds in the event those proceeds were insufficient to satisfy his debt.

(Evidentiary Support Cited in Defendants' Motion for Summary Judgment, 04/17/23.) The Written Agreement further provided that "Tabbaa understands and agrees that prior to any distribution of net sale proceeds to either party, any debt due to Nouraldin, whether in the subject transaction or associated with any of the other entities, properties, or assets, shall be paid to Nouraldin." *Id.* Finally, the Written Agreement stated that "[b]oth parties acknowledge this agreement represents the full and complete understanding between them and there are no oral or collateral agreements or representations which would vary the terms of said agreement." *Id.*

{¶ 8} The Nouraldins further supported their argument that the terms of the Written Agreement were not breached with the affidavit of Nouraldin, who attested, in relevant part, that

- He and Tabbaa became partners in the businesses associated with the Written Agreement.

- Those businesses lost money.

- He lent the businesses money to pay for operating expenses.

- He and Tabbaa entered into the Written Agreement, which provided that the businesses would be sold and the proceeds from the sales would be used to pay off costs, expenses, debts, and monies owed to him, prior to being divided amongst them.

- He made no agreement with Tabbaa, written or otherwise, that called for the temporary transfer of ownership interests.

- He operated the businesses in their usual course until a purchaser was found and negotiated sales to maximize gross profits.

- He lost money because the net proceeds from the sales of the businesses' properties and assets were not sufficient to pay him back.

*Id.* In his affidavit, Nouraldin summarized the contributions, expenses, and proceeds associated with each business and included records detailing his accounting as exhibits. *Id.* A spreadsheet summarizing the net sale proceeds and monies lent to those entities was also attached. *Id.*

{¶ 9} Finally, the Nouraldins claimed that Atassi was not a party to the Written Agreement. The Nouraldins supported their argument with the Written Agreement, indicating the contract was entered into by only Tabbaa and Nouraldin; the affidavit of Nouraldin, who attested that Atassi was not a party or intended beneficiary of the Written Agreement; the affidavit of Atassi, who attested that she was never Tabbaa's business partner and was not a party to the Written Agreement; and Tabbaa's written response to a request for admission, admitting that Atassi was not a party to the Written Agreement. *Id.*

{¶ 10} Tabbaa filed a brief in opposition, countering only that the Nouraldins' motion for summary judgment relied on self-serving statements and failed to present any evidence of significant sales transactions and loans or contributions to the entities that formed the partnership between them. While Tabbaa did not argue that the Oral Agreement was legal and enforceable, he mentioned in his statement of facts that Nouraldin was concerned about a creditor's claim against Tabbaa, pressured Tabbaa into temporarily transferring ownership for "safekeeping," and schemed to keep all profits for himself. (Plaintiff's Response to Motion for Summary Judgment, 05/30/23.) In support of his brief in opposition, Tabbaa attached his own affidavit responding to the factual allegations contained in Nouraldin's affidavit. Therein, Tabbaa attested that Nouraldin made self-serving statements unsupported by documentation, omitted sales transactions, and did not provide various accountings to him. *Id.* Tabbaa also denied that Nouraldin made loans and/or contributions to the businesses. *Id.* Tabbaa's affidavit did not include any documentary support for these sworn statements.

{¶ 11} The Nouraldins filed a reply in support of their motion for summary judgment, noting that Tabbaa did not dispute that the Oral Agreement was illegal nor that Atassi was not a party or intended third-party beneficiary to the Written Agreement. The Nouraldins further asserted that Tabbaa did not set forth sufficient evidence to establish the existence of the Oral Agreement or a breach of the Written Agreement.

{¶ 12} The trial court subsequently granted the Nouraldins' motion for summary judgment. In granting summary judgment as to Tabbaa's breach of oral-contract claim, the trial court found that any oral agreement between Tabbaa and the Nouraldins to transfer ownership interests to conceal Tabbaa's assets was an unenforceable illegal contract. (Journal Entry, 07/18/23.) As to Tabbaa's breach of written-contract claim, the trial court found that sufficient evidence was presented that Nouraldin performed his obligations under the Written Agreement and that Atassi was not a party to the contract. *Id.*

{¶ 13} Tabbaa appealed the journal entry, raising the following assignments of error for review.

### Assignment of Error No. 1

The trial court committed prejudicial error in granting Defendants' motion for summary judgment on the ground that the parties' oral agreement was illegal.

### Assignment of Error No. 2

The trial court committed prejudicial error in granting Defendants' motion for summary judgment on the ground that [Tabbaa] did not adduce sufficient evidence to counter the motion for summary judgment.

## II.  Law and Analysis

### A. Standard of Review

{¶ 14} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is

appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.); *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30.

## B. Legality of Oral Agreement

{¶ 15} In his first assignment of error, Tabbaa argues that the Nouraldins cannot move for summary judgment based on an illegal contract because they were proponents of the contract. Tabbaa claims that "[the Nouraldins'] assertion of illegality is based upon [Tabbaa] having committed a crime, to wit, fraudulent conveyance, albeit with [the Nouraldins'] blessing." While the Nouraldins deny the existence of the Oral Agreement, they argue that if Tabbaa's claims are true, they constitute an illegal contract that cannot be enforced as a matter of law. We find that Tabbaa's argument is without merit.

{¶ 16} Based on the allegations contained in Tabbaa's complaint, this court previously found that "Tabbaa transferred his membership interests in the businesses he co-owned with the Nouraldins to the Nouraldins in order to conceal his assets from creditors." *Tabbaa I*, 2022-Ohio-1172, at ¶ 3. Tabbaa has not presented any evidence to the contrary; instead, he further acknowledges that any purported oral agreement was a means of temporarily transferring ownership to Nouraldin for "safekeeping" "until a third-party [creditor] claim involving [Tabbaa] ha[d] been resolved." (Plaintiff's Response to Motion for Summary Judgment, 05/30/23; Brief of Appellant, 10/10/23.) As discussed by the Nouraldins, such an agreement contravenes R.C. 2913.45(A)(1), which provides that "[n]o person, with

purpose to defraud[3] . . . the person's creditors, shall . . . remove, conceal, destroy, encumber, convey, or otherwise deal with any of the person's property[.]"

{¶ 17} Ohio courts will not enforce or lend aid to an illegal contract, such as the alleged Oral Agreement. *Buckeye Hoya, LLC v. Brown Gibbons Lang & Co. LLC*, 2023-Ohio-2177, ¶ 30 (8th Dist.), citing *Snyder v. Snyder*, 2007-Ohio-122, ¶ 32, fn. 7 (11th Dist.), and *C.A. King & Co. v. Horton*, 116 Ohio St. 205, 211 (1927). "'[O]n the contrary[, a court] will leave the parties where it finds them and where they have placed themselves.'" *Id.*, quoting *Horton* at 211. Therefore, the trial court properly granted summary judgment as to his breach of oral-contract claim. Accordingly, Tabbaa's first assignment of error is overruled.

## C. Summary Judgment

{¶ 18} In his second assignment of error, Tabbaa argues that the trial court erred in granting the Nouraldins' motion for summary judgment because he produced sufficient evidence to counter the motion and establish that genuine issues of material fact remained as to his breach-of-contract claim. We find that Tabbaa's argument is without merit.

---

3 "Defraud" is defined as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B). "Deception" is defined as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A).

{¶ 19} A party may seek affirmative relief by moving for summary judgment as to all or any part of a claim. Civ.R. 56(A). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Am. Dental Ctr. v. Wunderle*, 1993 Ohio App. LEXIS 4437, 4 (8th Dist. 1993), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324, (1986). Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton*, 77 Ohio St.3d 102 at 105. This court explained:

> "[T]he plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial."

(Citations omitted.) *Corradi v. Soclof*, 1995 Ohio App. LEXIS 2162, 6 (8th Dist. 1995), quoting *Toensing v. MK-Ferguson Co.*, 76 Ohio App.3d 826, 830 (8th Dist. 1992), citing *Celotex Corp.* at 323-324.

{¶ 20} The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying portions of

the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* To accomplish this, the movant must be able to point to Civ.R. 56(C) evidentiary materials, which include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[,]" for the court's consideration in rendering summary judgment. *Id.*; Civ.R. 56(C). "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Dresher* at 293. After the moving party's initial burden is satisfied, the nonmoving party "'may not rest upon the mere allegations or denials in the pleadings.'" *Id.*, quoting Civ.R. 56(E). Rather, the nonmoving party's reciprocal burden is triggered, requiring it to set forth specific facts, by the means listed in Civ.R. 56(C), showing that there remains a genuine issue for trial. *Id.*

{¶ 21} Because summary judgment was previously granted as to all other causes of action raised in the third complaint, the Nouraldins again moved for summary judgment on Tabbaa's remaining claim: breach of contract. To prevail on a breach-of-contract claim, the party seeking to enforce the contract must prove all of the following elements by a preponderance of the evidence: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Skoda Minotti Co. v. Kent*, 2022-Ohio-3237, ¶ 14 (8th Dist.), citing *Holliday v. Calanni Ents.*, 2021-Ohio-2266, ¶ 20 (8th Dist.).

{¶ 22} Tabbaa cites to certain terms of the Written Agreement and asserts that they support his claim that he retained ownership interest in certain businesses. However, those terms establish that Tabbaa is to transfer and convey his ownership interests to Nouraldin and the net sale proceeds are to be distributed to Tabbaa and Nouraldin in the manner set forth therein. The Written Agreement goes on to state that all debts, obligations, or expenses, including those owed to Nouraldin, are to be paid first and any remaining sale proceeds will then be equally distributed to Tabbaa and Nouraldin. Moreover, the terms of the Written Agreement establish that Nouraldin has a secured interest in Tabbaa's share of the net sale proceeds in the event those proceeds are insufficient to satisfy his debt. Finally, the Written Agreement explicitly states that "Tabbaa understands and agrees that prior to any distribution of net sale proceeds to either party, any debt due to Nouraldin, whether in the subject transaction or associated with any of the other entities, properties, or assets, shall be paid to Nouraldin."

{¶ 23} Tabbaa argues that he presented "numerous factual statements" making clear that the Nouraldins breached the Written Agreement and that the evidence submitted in support of the Nouraldins' motion for summary judgment amounted to "self-serving statements that come nowhere close to satisfying the evidence contemplated by Civ.R. 56(C)." However, the Nouraldins supported their motion for summary judgment with Civ.R. 56(C) evidence, including the complaint, answers to interrogatories, written admissions, and affidavits incorporating documentary evidence. This documentary evidence corroborated the statements

made in Nouraldin's and Atassi's affidavits that the Written Agreement was not breached because the sale proceeds did not cover the businesses' debts, obligations, or expenses and Atassi was not a party to the Written Agreement.[4] This satisfied the Nouraldins' initial burden to demonstrate that no genuine issues of material fact exist for trial.

{¶ 24} Tabbaa then had the reciprocal duty to set forth specific facts establishing that a genuine issue remained. However, Tabbaa did not present any Civ.R. 56(C) evidence establishing that sale proceeds, in any amount, remained after the payment of the businesses' debts, obligations, and expenses. While Tabbaa submitted his own affidavit, claiming that Nouraldin's affidavit was self-serving, Tabbaa did not provide any documentary evidence to support his own statements, establish that Nouraldin's statements were false, or prove that the Nouraldins failed to perform pursuant to the Written Agreement's terms. Thus, based on our independent review of the record before us, Tabbaa failed to set forth sufficient evidence to establish the elements of his breach of written-contract claim. Accordingly, we find that there remains no genuine issue as to any material fact, overrule Tabbaa's second assignment of error, and hold that the trial court did not err in granting the Nouraldins' motion for summary judgment.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

---

[4] We note that Tabbaa does not present any argument on appeal that Atassi was a party or intended third-party beneficiary to the Written Agreement.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_Emanuella D. Groves_
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR